■ Key Bank of New York, Appellant, v Thomas Delahunt et al., Respondents, and Gary Burgess, Intervenor-Respondent. [643 NYS2d 815] —Order unanimously reversed on the law with costs and motion denied. Memorandum: Supreme Court erred in granting the motion of intervenor, Gary Burgess, to intervene as a defendant in an action commenced by plaintiff, Key Bank of New York (Key Bank). Intervenor had been served with a third-party complaint in that action and had defaulted. He moved to vacate the default judgment, which was denied, and the order denying that motion was affirmed by this Court (*Key Bank v Delahunt,* 204 AD2d 1084). Intervenor then moved to intervene as a defendant in the main action and to assert a counterclaim against Key Bank and a cross claim against defendant Chase Manhattan Bank. Had intervenor not defaulted in the third-party action, he would have been entitled to defend against the main action, as well as to assert any counterclaims and cross claims that he had against plaintiff and defendants (*see,* CPLR 1008; Siegel, NY Prac § 163 [2d ed]). Intervenor should not be permitted "to accomplish now what [he] could have done as of right but deliberately omitted to do earlier" (Siegel, NY Prac § 183, at 276 [2d ed]; *see also, Krenitsky v Ludlow Motor Co.,* 276 App Div 511, *lv dismissed* 301 NY 609). The argument of intervenor that his default was not intentional is without merit; two courts have already concluded that intervenor failed to demonstrate

a reasonable excuse for his default. (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Intervention.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.